# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL WINN, | CV F   05 1007 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILING TO STATE A CLAIM FOR RELIEF (Doc. 7.) |
| CALIFORNIA DEPT. OF CORRECTIONS, | |
| Defendants. | |

Larry Darnell Winn ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on August 5, 2005, naming the California Department of Corrections as the sole Defendant in the action.  The Complaint only provided a brief statement that Plaintiff was experiencing "permanent damage [and] disabilities thru negligence."   On September 7, 2005, the Court dismissed the Complaint with leave to amend.  Plaintiff filed an Amended Complaint on September 21, 2005.

**A.  SCREENING STANDARD**

The court is required to screen complaints brought by  prisoners seeking relief against a

1

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
2  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
3  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
4  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
5  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
6  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
7  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

8       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
9  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
10 support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
11 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
12 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17 **B. SUMMARY OF COMPLAINT**

18      In the Amended Complaint, Plaintiff again names the California Department of
19 Corrections as Defendant despite being informed in the Court's prior Order dismissing with
20 leave to amend that the CDC is not a "person" within the meaning of Section 1983.

21      The Complaint now alleges specifically that the "California Department of Corrections
22 thru negligence when they grant my 602 (ASP) in Log # 04-00195 base on the granting of my
23 appeal supporting argument."[1] (Compl. at 4.)

24 **C. CLAIMS FOR RELIEF**

25      The Civil Rights Act under which this action was filed provides:

26           Every person who, under color of [state law] . . . subjects, or causes

27 _____

28     [1]Plaintiff attaches a copy of a Superior Court Order to Show Cause as evidence of "Previous Lawsuits." (See "I" of the Complaint.)

2

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, Plaintiff is clearly attempting to hold the California Department of Corrections liable for negligence. Other than this information, however, Plaintiff provides no further facts. The fact that Plaintiff is insistent that the only named Defendant *is* the California Department of Corrections and the CDC is not a "person" within the meaning of Section 1983, this Court will RECOMMEND that the action be dismissed. Should Plaintiff wish to pursue a negligence claim against the CDC, he should seek to do so in the appropriate state court.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

1 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
2 of this Report and Recommendation, any party may file written objections with the Court and
3 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
4 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
5 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
6 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

7          The parties are advised that failure to file objections within the specified time may waive
8 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
9 1991).

11 IT IS SO ORDERED.

12 **Dated:    November 1, 2006**                    **/s/ Sandra M. Snyder**
   icido3                                            UNITED STATES MAGISTRATE JUDGE